UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CLEAN JERSEY SOLAR, LLC,

    Plaintiff,

v.

EFFISOLAR ENERGY CORP.,

    Defendant.

Civil Action No. 12-2008 (MAS)(LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter has come before the Court by way of the Motion for Default Judgment filed by Plaintiff Clean Jersey Solar, LLC ("Plaintiff"). (ECF No. 21, "Pl.'s Mot.") Defendant Effisolar Energy Corporation ("Defendant" or "Effisolar") filed Opposition. (ECF No. 27., "Def.'s Opp'n.") Plaintiff and Third Party Defendants filed a Reply. (ECF No. 28, "Pl.'s Reply.") The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, and for other good cause shown, the Motion for Default Judgment is DENIED.

**I.    Background & Procedural History**

Plaintiff's Complaint in the instant action alleges a breach of contract. (ECF No. 1, "Compl.") Specifically, Defendant allegedly agreed to purchase property from Plaintiff for the purpose of operating a solar energy facility. (Compl. ¶ 6.) The Complaint alleges that an Amendment was entered which extended the closing date. (Compl. ¶¶ 9-10.) The Complaint further alleges that Defendant owed $200,000 to PJM Interconnection ("PJM"). (Compl. ¶ 12.) Plaintiff alleges that the agreement provided that the Defendant would ensure that PJM's rights

and queue positions would remain active for 30 days after the closing extension period. (Compl. ¶ 16.) Plaintiff allegedly served Defendant with a Notice of Breach for the failure to pay the $200,000 payment to PJM. (Compl. ¶ 18.) When Defendant did not comply, Plaintiff paid the $200,000 to PJM. *Id.* Plaintiff seeks repayment of the $200,000 paid to PJM, and an additional $50,000 which it argues it is entitled to per the Amendment which allegedly obligated Defendant "to tender $50,000 to Plaintiff for the initial one month extension." (Compl. ¶ 20.)

On December 18, 2012, the Hon. Lois H. Goodman, U.S.M.J., entered an Order relieving Wilentz, Goldman & Spitzer PA as counsel for Defendant Effisolar Energy Corporation. (ECF No. 18.) The December 18 Order provided that "Effisolar shall have 30 days within which to have new counsel enter an appearance or risk having default entered against it if a notice of appearance is not entered within 30 days . . . ." (*Id.*) On February 20, 2013, this Court entered an Order recognizing that the "deadline has passed and no counsel has entered an appearance on Defendant's behalf." (ECF No. 20.) The Court ordered that the Clerk enter default against Defendant Effisolar, and that Plaintiff's Counsel move for default judgment within 30 days thereafter. (*Id.*) On February 20, 2013, the Clerk entered default against Effisolar Energy Corporation. This Motion for Default Judgment was subsequently filed on March 13, 2013. (Pl.'s Mot.) On April 12, 2013, Paul I. Perkins entered a Notice of Appearance on behalf of Effisolar Energy Corporation. (ECF No. 23.) The Motion became fully briefed on April 29, 2013.

**II.   Analysis**

Default judgment is left "primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.3d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Nevertheless, it is preferable that "cases be disposed of on the merits whenever practicable." *Id.* at 1181 (internal citation omitted). The Court does "not favor

defaults and . . . in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). In exercising its discretion, the Court must first determine whether default judgment is proper. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). The Court must consider three factors that control whether a default judgment should be granted: (1) whether the defendant appears to have a meritorious defense; (2) whether the plaintiff will be prejudiced if default is denied; and (3) whether defendant's delay is due to culpable conduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

A.  **Defendant's Meritorious Defense**

A threshold issue is whether a meritorious defense has been asserted. *Id.* "The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *Id.* (internal quotations omitted).

Defendant asserts that Plaintiff made knowingly false statements in order to induce Effisolar to close on a property, despite conditions precedent to closing being unmet. (Def.'s Opp'n 3.)[1] Specifically, Defendant states that Plaintiff "made knowingly false statements to Effisolar claiming that in order for [Plaintiff] to retain its rights under the underlying contract to purchase the property, it required Effisolar to pay $50,000 in order to obtain a one-month extension of time for the closing." (*Id.*) Defendant further asserts that "[i]t is Effiolar's [sic] position that [the] $200,000.00 payment allegedly made by [Plaintiff] to PJM to maintain the queue position was wholly unnecessary." (*Id.* at 4.) According to Defendant, if Plaintiff elected not to make the $200,000 payment, "the result would have been at most a minimal delay in

---

[1] As Defendant's Opposition is not paginated, the Court will refer to the pages therein by referencing the ECF page number.

obtaining connection to the grid; this was immaterial insofar as there were no immediate plans to begin construction and thus no immediate need for connection." (*Id.*)

As Defendant has set forth a defense, which if proven would constitute a complete defense to this action, this prong counsels against entry of default judgment.

**B.     Plaintiff has not been Prejudiced**

Default Judgment is inappropriate where the non-defaulting party, "has not suggested that its ability to pursue the claim has been hindered since the entry of default judgment." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982). Defendant argues that "there is no indication that [Plaintiff] has been or will be prejudiced by the brief delay in Effisolar's retaining new counsel." (Def.'s Opp'n 3.) Plaintiff avers that that Defendant's pattern of delay has impaired Plaintiff's ability to call witnesses who may have information regarding the alleged breach of contract. (Reply at 6.)[2]

The Court notes that delay in realizing satisfaction of a claim rarely serves to establish prejudice. *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523-24 (3d Cir. 2006). Furthermore, in the instant action, Plaintiff has not asserted "the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment to support a finding of prejudice." *Feliciano*, 691 F.2d at 657. Additionally, "the record does not support a claim of prejudice justifying denial of relief." *Id.* Therefore, this factor similarly weighs against the entry of default judgment.

**C.     Defendant Has not Exhibited Culpable Conduct**

Liability is not established by default alone. *D.B. v. Bloom*, 896 F. Supp. 166, 170 n.2 (D.N.J. 1995). The culpable conduct standard requires more than mere negligence. *Hritz*, 732

---

[2] Plaintiff's Reply is not paginated; accordingly the Court will refer to the pages therein by referencing the ECF page number.

F.2d at 1183. Rather, culpable conduct in the Third Circuit requires a showing of conduct which is "taken willfully or in bad faith." *Giampapa*, 210 F.3d at 164 (quoting *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir.1983)).

The Court finds that the record does not support an inference of willfulness or bad faith conduct. It appears that the Defendant was actively attempting to secure counsel. *See Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 124 (3d Cir. 1983). Furthermore, Defendant's failure to timely secure counsel is, at worst, tantamount to "sloppiness, perhaps" but certainly does not equate to a "history of deliberately proceeding in a dilatory fashion." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 343 (3d Cir. 1982) (quoting *Chandler Leasing Corp. v. Lopez*, 660 F.2d 919, 920 (4th Cir. 1982). The delay has not been vexatious and the ultimate sanction of dismissal is not appropriate. *Donnelly*, 677 F.2d at 343. Default judgment is, therefore, denied.

### III. Conclusion

For the reasons stated above, Plaintiff's motion for default judgment is DENIED. An Order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE